UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-21291

SHELBY MAYES,

    Plaintiff,

vs.

J & J GREEN PAPER, INC. AND
MICHAEL SCOTT SEGAL,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Shelby Mayes, sues Defendants, J & J Green Paper, Inc. and Michael Scott Segal, as follows:

*Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Shelby Mayes**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.    **Defendant, J & J Green Paper, Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3.    **Defendant, Michael Scott Segal,** was at all times material an owner/officer/director/manager of the corporate Defendant, for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

4.    This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claims.

1

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all of the operational decisions were made in this District.

6. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

8. The Plaintiff attempted to resolve this issue with the Defendants prior to filing this lawsuit but was unsuccessful, leaving her with no reasonable option other than to seek legal recourse.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Shelby Mayes, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

9. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

10. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

11. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, sales, promotion, brokerage, and production of sustainable paper products, which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

12. Defendants also communicate with their workers, vendors, and with others by

2

regularly and routinely using telephones and transmitting information through email and the Internet, and which transmissions regularly and routinely traveled outside of the State of Florida.

13. Defendants also engage in e-commerce through the internet on their website, https://jjgreenpaper.com/, which they registered through Domains by Proxy, LLC (a foreign corporation).

14. Defendants engage in interstate commerce in the course of their purchase, sale, and distribution of sustainable paper products that travel in interstate commerce and through their submission of billings and receipt of payment involving out-of-state payors, customers, and vendors.

15. Defendants' corporate annual gross revenues derived from this interstate commerce are believed to be exceed $500,000.00 for the relevant time period and/or $125,000.00 for each relevant fiscal quarter.

16. In particular, Defendants own and operate a sustainable packaging business by purchasing, selling, and manufacturing its patented JANUS-coated paper products while using toner, printers, pens, paper, phone systems machinery, appliances, telephones, computers, computer networking equipment, computer software, telephones, telephone equipment, goods and materials that also have moved through interstate commerce, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

17. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

18. Plaintiff was a non-exempt employee of Defendants.

19. Plaintiff consents to participate in this lawsuit.

20. Plaintiff worked for Defendants as a "paralegal" from about September 7, 2024 to January 15, 2025.

21. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are believed to be in the exclusive custody of Defendants.

22. Plaintiff's job duties involved regularly and recurrently communicating with Defendants' out-of-state clients/vendors/manufacturers and ordering office supplies from Defendants' out-of-state vendors.

23. Defendants agreed to pay Plaintiff $60,000.00 per year, with payments to be made on the 15th day of each month.

24. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce in her work for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her regularly and routinely placing telephone calls and exchanging electronic information over the internet with persons and entities located outside of the State of Florida to facilitate the international purchase, sales, and production of Defendants' sustainable packing products.

25. Defendants failed to pay Plaintiff even a minimum wage of $7.25 per hour for each of the hours that she worked by <u>failing to pay her in a timely manner</u> for the hours that she worked for Defendants from December 15, 2024, to January 15, 2025.

26. As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to the applicable minimum wage for all unpaid hours worked.

27. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours Plaintiff worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to timely pay her at least the

minimum wage required by law, and/or they concocted a scheme pursuant to which they deprived Plaintiff the minimum wages she earned.

28. Plaintiff is entitled to a back pay award of minimum wages for all unpaid/underpaid hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Shelby Mayes, demands the entry of a judgment in her favor and against Defendants, J & J Green Paper, Inc. and Michael Scott Segal, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g. Such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
### (Against J & J Green Paper, Inc.)

Plaintiff, Shelby Mayes, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

5

29. Through this claim, Plaintiff seeks recovery of the "pure gap time" wages she worked and earned but did not receive.[1] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

30. Plaintiff and Defendant, J & J Green Paper, Inc., agreed that in exchange for Plaintiff expending time and effort on their behalf, it would pay her $60,00.00 per year, in 12 equal payments of $5,000.00 per month, made on the 15th day of each month.

31. Plaintiff performed under the parties' contract/agreement as aforesaid.

32. Defendant, J & J Green Paper, Inc., however, failed and refused to perform its obligation to timely pay Plaintiff her monthly salary of $5,000.00 for the work she performed for Defendant from December 15, 2024, to January 15, 2025, thereby breaching the parties' contract.

33. Plaintiff has been damaged as a result of this Defendant's failure to pay her the agreed-upon amount by the agreed-upon payment date for the work she performed from December 15, 2024, to January 15, 2025.

WHEREFORE Plaintiff, Shelby Mayes, demands the entry of a judgment in her favor and against Defendant, J & J Green Paper, Inc., after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs, and attorney's fees incurred pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

### COUNT III – UNJUST ENRICHMENT
### (Against J & J Green Paper, Inc.)

---

[1] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

Plaintiff, Shelby Mayes, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

34. Through this claim, Plaintiff seeks recovery of the "pure gap time" wages she worked and earned but did not receive.[2] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

35. Plaintiff provided labor and services for Defendant, J & J Green Paper, Inc., and it received and accepted the benefits of the labor and services supplied by Plaintiff.

36. Plaintiff expected to be paid a reasonable value for the labor and services provided to this Defendant.

37. Plaintiff provided services on behalf of Defendant, J & J Green Paper, Inc., for its business, as requested, and it received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

38. Defendant, J & J Green Paper, Inc., was unjustly enriched in that it failed and refused to pay Plaintiff the reasonable value of the benefits conferred upon it from December 15, 2024 to January 15, 2025.

39. Plaintiff suffered damages as a direct and proximate result of Defendant, J & J Green Paper, Inc.'s failure and refusal to pay her the value of the work she performed for it.

WHEREFORE Plaintiff, Shelby Mayes, demands the entry of a judgment in her favor and against Defendant, J & J Green Paper, Inc., after trial by jury, for all damages suffered, plus pre-judgment and post-judgment interest, costs, and attorney's fees incurred pursuant

---

[2] *See* Footnote 1.

to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Shelby Mayes, demands a trial by jury of all issues so triable.

Respectfully submitted this 19th day of March 2025,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*
