UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-21291-LEIBOWITZ/AUGUSTIN-BIRCH

SHELBY MAYES,

    Plaintiff,

vs.

J & J GREEN PAPER, INC. AND
MICHAEL SCOTT SEGAL,

    Defendants.
_____/

**PLAINTIFF'S AGREED MOTION FOR ENLARGEMENT OF TIME
TO FILE STATEMENT OF CLAIM**

Plaintiff, Shelby Mayes, requests that the Court extend the deadline to file the Statement of Claim and Amended Complaint required by this Court at ECF No. 5 based on the agreement of the parties and the following good cause:

*Introduction*

1. Plaintiff filed this case against his/her former employers to recover the minimum and regular ("gap time") wages that she earned but was not paid. [ECF No. 1.]

2. Defendants maintained records of the hours that Plaintiff worked and the pay that she received for that work.

3. Plaintiff has some records of the direct deposits made to her bank account for wages, but not the biometric (fingerprint) records identifying when she started and stopped work each day or the pay stubs corresponding with the bank deposits, which the Defendants have.

4. The Court entered its Order In Actions Brought Under The Fair Labor Standards Act [ECF No. 5] on March 21, 2025, requiring Plaintiff to file by May 8, 2025: (a) a Statement of

Claim quantifying her damages and (b) an Amended Complaint containing the information from the Statement of Claim.

5. Sabrina Puglisi, Esq., an attorney representative who is the as Senior VP of U.S. and Global Development of J & J Green Paper, Inc., contacted the undersigned after the Defendants were served with the process about extending the deadline for Mr. Scott to respond to the Complaint so it would correspond with the deadline for J and J Green Paper, Inc. to respond to the Complaint, with which Plaintiff agreed.

6. Upon request, several agreements were reached:

   a. for J and J Green Paper, Inc. to produce the time and pay records in its possession for Plaintiff by May 1, 2025, to permit an accurate calculation of any wages due to Plaintiff, and

   b. to provide Plaintiff an extension of time through May 15, 2025, to file her Statement of Claim and Amended Complaint so that she has time to calculate same and so that her Amended Complaint is filed after both Defendants appear in this case and respond to the Complaint (by May 8, 2025), thereby avoiding the complications posed by filing an Amended Complaint before a party appears in the lawsuit.

7. Undersigned counsel is familiar with this Court's general practice of requiring the plaintiff in an FLSA case to file a Statement of Claim at the outset of the litigation so the parties can evaluate the value of the claims asserted early in the case and consider resolution before protracted litigation and the attendant attorney's fees makes settlement more difficult.

8. While mindful of the purpose of the Court's FLSA Order and the requirement that she file a Statement of Claim, Plaintiff requests some additional time to comply.

9. The additional time is requested so that Defendants can provide Plaintiff with the time and pay records at issue in this lawsuit, allowing her to prepare her Statement of Claim and Amended Complaint more accurately.

10. The idea behind this Motion is not delay, but rather efficiency: preparing an accurate Statement of Claim and Amended Complaint based on existing time and pay records, rather than simply estimating them, will better enable the parties to evaluate the claims, defenses, and to formulate their respective strategies.

11. Plaintiff brings this motion before the deadline for filing the Statement of Claim established by the Court at ECF No. 5.

### *The Law*

12. Rule 1 of the Federal Rules of Civil Procedure directs that the Rules "should be construed, administered, and employed by the court to secure the just, speedy, and inexpensive determination of every action and proceeding."

13. Plaintiff submits that granting the requested enlargement of time will serve the interests of justice and will further comport with the spirit of the Federal Rules of Civil Procedure as embodied in Rule 1.

14. Pursuant to Fed. R. Civ. P. 6(b)(1) "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

15. It follows that this Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *also see Clinton v. Jones*, 520 U.S. 681, 706-707 (1997).

16. Given that a Statement of Claim is, "an extra-Rules practice used by the district court for its convenience and to aid in case management," *Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014), and that the extension of time is requested to permit efficent case management, there can be no prejudice to Defendants and no protracted delay of this case by granting the brief extension requested herein.

### *The Relief Requested*

17. Plaintiff submits that it would be more efficient for her to calculate and then file the required Statement of Claim and Amended Complaint after receipt of the time and pay records from Defendants, since Plaintiff will thereafter be able to more accurately prepare a statement of her damages based on the actual (biometric) time and pay records.

18. The alternative, of course, would be for Plaintiff to estimate the claimed FLSA damages in the Statement of Claim and Amended Complaint and then seek to amend these filings after obtaining the time and pay records, which would only complicate and delay these proceedings and result in the otherwise unnecessary expenditure of time, effort, and expense.

19. Consequently, Plaintiff requests that the Court grant her an extension of time so that the Statement of Claim and Amended Complaint are filed by May 15, 2025, 14 days after Defendants agreed to provide her with the time and pay records relevant to this lawsuit on May 1, 2025.

20. Plaintiff addressed the matter with J & J Green Paper, Inc., who has not yet appeared in this case, but agreed to the relief requested herein.

WHEREFORE Plaintiff, Shelby Mayes, requests that the Court enter an Order requiring J & J Green Paper, Inc. to produce the time and pay records for Ms. Mayes by May 1, 2025, and

extending the deadline for her to file her Statement of Claim and Amended Complaint in this case through May 15, 2025, considering the good cause shown above.

## LOCAL RULE 7.1 CERTIFICATION

Counsel for the movant conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and represents that Defendant, J & J Green Paper, Inc., agreed to the relief requested above.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served through filing in CM/ECF on this 21st day of April 2025, and by email on Sabrina Puglisi, Esq., Senior VP of U.S. and Global Development, J&J Green Paper, 2665 South Bayshore Drive, Suite 1025, Miami, Florida 33133, sabrina@jjgreenpaper.com.

Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*
