**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-21291-LEIBOWITZ/AUGUSTIN-BIRCH**

**SHELBY MAYES**,

    *Plaintiff*,

v.

**J & J GREEN PAPER, INC. and**
**MICHAEL SCOTT SEGAL**,

    *Defendants*.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendant J & J Green Paper, Inc.'s Unopposed Motion for Extension of Time to Respond to Complaint (the "Motion") [ECF No. 11], filed on April 22, 2025 by Michael Scott Segal.

Michael Scott Segal is an individual who is an "owner/officer/director/manager" of Defendant J & J Green Paper, Inc. [ECF No. 1 ¶ 3]. Thus, Mr. Segal may not file motions on behalf of Defendant J & J Green Paper, Inc., as a corporation may not represent itself but must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (citations omitted). Individual parties in federal court "may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. J & J Green Paper, Inc., however, is a corporation, and as such "can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo*, 764 F.2d at 1385 (citations omitted). This is true "even where the person seeking to represent the corporation is its president and major stockholder." *Id.* (citation omitted). Consequently, as a non-lawyer, Mr. Segal may not represent the interests of J & J Green Paper, Inc. *See id.* (citation omitted); *see also Wheat v. United States*, 486 U.S. 153, 159 (1988) ("[A]n advocate who is not a member of the bar may not represent clients (other than himself) in court."); *Iannacone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)

("[B]ecause *pro se* means to appear for one's self, … a lay person may not represent a corporation or a partnership[.]" (alterations added)).  Therefore, the Court must strike any motion that Mr. Segal has filed on behalf of J & J Green Paper, Inc.  Thus, the instant Motion is hereby stricken.

To provide clarity to Defendants, this Court's Order in Cases with Multiple Defendants provides that "the time for responsive pleadings—for all Defendants—begins to run once all Defendants have *either* (1) been served *or* (2) waived service. If the Defendants face response periods of different lengths—say, because one Defendant has been personally served whereas another has waived service—all Defendants will be subject to the *longest* of those response periods." [ECF No. 6 ¶ 2].  Thus, because Mr. Segal's response to the Complaint is not due until May 8, 2025, J & J Green Paper, Inc.'s response to the Complaint is also not due until May 8, 2025.

The Court cautions J & J Green Paper, Inc., that under Federal Rule of Civil Procedure 55, "[a] corporate defendant's failure to obtain counsel is a failure to 'otherwise defend' …." *Sainvil v. E & R Cleaning Serv., Inc.,* No. 619CV1178ORL78GJK, 2019 WL 13155427, at *1 (M.D. Fla. Aug. 26, 2019) (citations omitted).  Thus, J & J Green Paper, Inc., must obtain counsel and respond to the Complaint no later than May 8, 2025.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 11**] is **STRICKEN**.

**DONE AND ORDERED** in the Southern District of Florida on April 22, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record

2