UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-21291-LEIBOWITZ/AUGUSTIN-BIRCH

SHELBY MAYES,

    Plaintiff,

vs.

J & J GREEN PAPER, INC. AND
MICHAEL SCOTT SEGAL,

    Defendants.
_____/

## **AMENDED COMPLAINT**

Plaintiff, Shelby Mayes, sues Defendants, J & J Green Paper, Inc. and Michael Scott Segal, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Shelby Mayes**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. **Defendant, J & J Green Paper, Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3. **Defendant, Michael Scott Segal,** was and is an owner/officer/director/manager of the corporate Defendant during the time relevant to this lawsuit. Defendant, Michael Scott Segal, ran its day-to-day operations, was responsible for significant operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

4. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over her related claims brought under Florida state law.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

6. Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Plaintiff.

7. The Plaintiff attempted to resolve this issue with the Defendants prior to filing this lawsuit but was unsuccessful, leaving her with no reasonable option other than to seek legal recourse.

8. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I – FLSA MINIMUM WAGE VIOLATION(S)**

Plaintiff, Shelby Mayes, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

### *FLSA Jurisdictional Allegations*

9. Plaintiff consents to participate in this lawsuit.

10. Plaintiff was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

11. Plaintiff was a non-exempt employee of the Defendants.

12. Plaintiff worked for Defendants as a "paralegal" from about September 7, 2024 to January 15, 2025.

2

13. Plaintiff's job duties involved regularly and recurrently communicating with Defendants' out-of-state clients/vendors/manufacturers and ordering office supplies from Defendants' out-of-state vendors.

14. To the extent that records exist regarding the exact dates of Plaintiff's employment, Defendants are believed to have such records (or the FLSA required Defendants to make and keep these records).

15. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce in her work for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her regularly and routinely placing telephone calls and exchanging electronic information over the internet with persons and entities located outside of the State of Florida to facilitate the international purchase, sales, and production of Defendants' sustainable packing products.

16. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

17. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by and subject to the requirements imposed by the FLSA.

18. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, sales, promotion, brokerage, and production of sustainable paper products, which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

3

19.     In particular, Defendants own and operate a sustainable packaging business by purchasing, selling, and manufacturing its patented JANUS-coated paper products while using toner, printers, pens, paper, phone systems machinery, appliances, telephones, computers, computer networking equipment, computer software, telephones, telephone equipment, goods and materials that also have moved through interstate commerce, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce

20.     Defendants also communicated with their workers and with others by regularly and routinely using telephones to transmit information through email and the Internet, and these transmissions regularly and routinely traveled outside the State of Florida.

21.     Defendants also engage in interstate commerce in the course of regular and recurrent sending and/or receipt of money outside of the State of Florida.

22.     Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in conducting their business.

23.     Defendants also engage in e-commerce through the internet on their website, https://jjgreenpaper.com/, which they registered through Domains by Proxy, LLC (a foreign corporation).

24.     Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

4

### *FLSA Minimum Wage Liability and Damages*

25. The FLSA requires each covered employer to pay each eligible non-exempt employee at least the direct minimum wage of $7.25 per hour.

26. Defendants failed to pay Plaintiff even a minimum wage of $7.25 per hour for each of the hours that she worked by <u>failing to pay her in a timely manner</u> for the approximately 160 hours that she worked for Defendants from December 15, 2024, to January 15, 2025.

27. Plaintiff suffered damages because Defendants did not pay her at least the federal minimum wage of $7.25 per hour for the approximately 160 hours she worked from December 15, 2024, to January 15, 2025, resulting in her estimate of $1,160.00 owed to her in minimum wages required by the FLSA.[1]

28. Plaintiff is entitled to recover from the Defendants, jointly and severally:

    a. $1,160.00 in FLSA minimum wages but not timely paid, plus
    b. $1,160.00 as liquidated damages, plus
    c. Her attorney's fees and costs.

WHEREFORE Plaintiff, Shelby Mayes, demands the entry of a judgment in her favor and against Defendants, J & J Green Paper, Inc. and Michael Scott Segal, jointly and severally after trial by jury and as follows:

   a. That Plaintiff be awarded compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);
   b. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;
   c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

---

[1] Although the Court entered an Order on April 22, 2025 [ECF No. 10] requiring the Defendants to provide the Plaintiff with the time and pay records it maintained for her no later than May 1, 2025, they never complied, despite the Plaintiff's follow-up requests for this information. Consequently, Plaintiff estimated the hours she worked.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

    d. That Plaintiff be awarded all other interest allowed by law;

    e. That the Court declare Defendants to have willfully violated the FLSA; and

    f. Award Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II – VIOLATION OF THE FMWA

Plaintiff, Shelby Mayes, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

29. The Florida Constitution provides that, "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship. Fla. Const., Art. X, §24(a).

30. Defendants paid Plaintiff less than the Minimum Wage required under Florida law by failing to timely pay her for the approximately 160 hours of work she performed between December 15, 2024, and January 15, 2025.

31. Plaintiff suffered damages because Defendants did not pay her at least the applicable Florida minimum wage of $13.00 per hour for the approximately 160 hours she worked from December 15, 2024, to January 15, 2025, entitling her to $2,080.00 in minimum wages required by the FMWA.

32. Plaintiff is entitled to recover from the Defendants, jointly and severally:

    a. $2,080.00 under the FMWA, plus

    b. $2,080.00 as liquidated damages, plus

    c. Her attorney's fees and costs.

33. Before initiating this lawsuit, Plaintiff served the Defendants with a demand letter in compliance with Fla. Stat. §448.110 on April 25, 2025, but they did not timely pay the amount demanded or otherwise attempt to resolve this matter to her satisfaction.

WHEREFORE Plaintiff, Shelby Mayes, demands the entry of a judgment in her favor and against Defendants, J & J Green Paper, Inc. and Michael Scott Segal, jointly and severally, and as follows:

 a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in Fla. Stat. §440.110 and Art. X, Sec. 24, Fla. Const.;
 b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;
 c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FMWA;
 d. That Plaintiff recover all interest allowed by law;
 e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;
 f. That the Court declare Defendants to be in willful violation of the FMWA; and
 g. Award Plaintiff such other and further relief as the Court deems just and proper.

### COUNT III – BREACH OF CONTRACT
**(Against J & J Green Paper, Inc.)**

Plaintiff, Shelby Mayes, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

34. Through this claim, Plaintiff seeks recovery of the "gap time" wages that she worked and earned, but did not receive.[2] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D.

---

[2] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

7

Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

35. Plaintiff and Defendant, J & J Green Paper, Inc., agreed that in exchange for Plaintiff expending time and effort on their behalf, it would pay her a salary of $60,000 per year, in 12 equal installments of $5,000 on the 15th of each month.

36. Plaintiff performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

37. Defendant, J & J Green Paper, Inc., however, failed and refused to perform its obligation to timely pay Plaintiff at the agreed upon rate of $5,000 per month.

38. Plaintiff has been damaged as a direct and proximate result of this Defendant's breach of the parties' agreement through its failure to pay her the $5,000 she earned from December 15, 2024, to January 15, 2025, in a timely manner.

WHEREFORE Plaintiff, Shelby Mayes, demands the entry of a judgment in her favor and against Defendant, J & J Green Paper, Inc., after trial by jury, for all breach of contract damages suffered, pre-judgment and post-judgment interest, costs and attorney's fees incurred in this matter pursuant to Fla. Stat. §448.08, and for such other and further relief as this Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT
### (Against J & J Green Paper, Inc.)

Plaintiff, Shelby Mayes, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

39.     Through this claim, Plaintiff seeks recovery of the "gap time" wages that she worked and earned, but did not receive.[3]

40.     Plaintiff provided labor and services for Defendant, J & J Green Paper, Inc., and it received and accepted the benefits of the labor and services supplied by Plaintiff.

41.     Plaintiff expected to be paid a reasonable value for the labor and services provided to this Defendant.

42.     Plaintiff provided services on behalf of Defendant, J & J Green Paper, Inc., for its business, as requested, and it received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

43.     Defendant, J & J Green Paper, Inc., was unjustly enriched in that it failed and refused to make payment to Plaintiff for the benefits conferred upon it December 15, 2024, to January 15, 2025.

WHEREFORE Plaintiff, Shelby Mayes, demands the entry of a judgment in her favor and against Defendant, J & J Green Paper, Inc., after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

---

[3]     *See* Paragraph 34, above.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Shelby Mayes, demands a trial by jury of all issues so triable.

Respectfully submitted this 15th day of May 2025,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*
