UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-21291-LEIBOWITZ/AUGUSTIN-BIRCH

**SHELBY MAYES**,

    Plaintiff,

v.

**J & J GREEN PAPER, INC., et al.**,

    Defendants.

_____/

### DEFENDANT, J&J GREEN PAPER, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF, SHELBY MAYES'S AMENDED COMPLAINT

Defendant, J&J GREEN PAPER, INC. ("Defendant J&J"), by and through his undersigned counsel, Lisa McKellar Poursine of McKellar Poursine, PLLC, and pursuant to this Court's Order dated June 9, 2025, hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint. In doing so, it states as follows:

1. Defendant J&J is not aware of Plaintiff's current residence and for that reason the allegations in Paragraph 1 are admitted only as to Plaintiff being over the age of 18.

2. Defendant J&J denies the allegations in Paragraph 2, but admits that it is authorized to do business in Florida.

3. Defendant J&J denies the allegations in Paragraph 3, namely that he was partially or totally responsible for payment of Plaintiff's wages, and demands strict proof thereof.

4. Defendant J&J admits the allegations in Paragraph 4 for jurisdictional purposes only.

5. Defendant J&J admits that venue before this Court is proper in response to the

allegations in Paragraph 5.

6. Defendant J&J denies the allegations in Paragraph 6 and demands strict proof thereof.

7. Defendant J&J denies the allegations in Paragraph 7 and demands strict proof thereof.

8. Defendant J&J is without sufficient knowledge to admit or deny, and therefore denies said allegations in Paragraph 8.

9. Defendant J&J is without sufficient knowledge to admit or deny, and therefore denies said allegations in Paragraph 9.

10. Defendant J&J admits the allegations in Paragraph 10.

11. Defendant J&J admits the allegations in Paragraph 11.

12. Defendant J&J denies that Plaintiff worked from September 7, 2024 to January 15, 2025 in response to Paragraph 12, as she did not show up for work after January 7, 2025.

13. Defendant J&J denies the allegations in Paragraph 13.

14. Defendant J&J admits the allegations in Paragraph 14.

15. Defendant J&J admits the allegations in Paragraph 15.

16. Defendant J&J denies the allegations in Paragraph 16 as to Defendant J&J.

17. Defendant J&J denies the allegations in Paragraph 17 as to Defendant J&J.

18. Defendant J&J denies the allegations in Paragraph 18 as the description of services provided, as it does not operate a packaging business.

19. Defendant J&J denies the allegations in Paragraph 19, as it does not operate a packaging business.

20. Defendant J&J admits that it engages in interstate commerce in response to

Paragraph 20.

21. Defendant J&J admits it engages in interstate commerce in response to Paragraph 21.

22. Defendant J&J admits that it engages in interstate commerce in response to Paragraph 22.

23. Defendant J&J admits that it engages in interstate commerce in response to Paragraph 23.

24. Defendant J&J denies that its gross revenue reaches $500,000 or more or $125,000 in each of the fiscal quarters of the preceding three years in response to Paragraph 24.

**COUNT I – MINIMUM WAGE LIABILITY UNDER THE FLSA**

25. Defendant J&J asserts that the law speaks for itself in response to Paragraph 25.

26. Defendant J&J denies the allegations in Paragraph 26.

27. Defendant J&J denies the allegations in Paragraph 27 and asserts that Defendant J&J mailed her a check which was not cashed.

28. Defendant J&J vehemently denies the allegations in 28 and asserts that Defendant J&J mailed her a check which was not cashed.  Further, Defendant J&J denies that he has any personal liability for any actions taken by Defendant J&J.

WHEREFORE, Defendant J&J fully denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause of Plaintiff's Amended Complaint.

**COUNT II – VIOLATION OF THE FMWA**

29. Defendant J&J asserts that the law speaks for itself in response to Paragraph 29.

30. Defendant J&J denies the allegations in Paragraph 30 and asserts that it mailed

her a check which was not cashed.

31. Defendant J&J denies the allegations in Paragraph 31 and asserts that it mailed her a check which was not cashed.

32. Defendant J&J denies the allegations in Paragraph 32 and asserts that Plaintiff is not entitled to the recovery requested from either defendant, as Defendant J&J mailed her a check which was not cashed.

33. Defendant J&J denies the allegations in Paragraph 33.

WHEREFORE, Defendant J&J fully denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause of Plaintiff's Amended Complaint.

## COUNT III – BREACH OF CONTRACT

34. Defendant J&J denies that Plaintiff is entitled to "gap time" wages in response to Paragraph 34.

35. Defendant J&J admits that Plaintiff was paid a salary of $60,000 to be paid once a month in response to Paragraph 35.

36. Defendant J&J denies that Plaintiff had a contractual right to her employment and was an at-will employee entitled only to her $60,000 salary to be paid for the time she worked.

37. Defendant J&J denies the allegations in Paragraph 37.

38. Defendant J&J denies the allegations in Paragraph 38.

WHEREFORE, Defendant J&J fully denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause of Plaintiff's Amended Complaint.

## COUNT IV – UNJUST ENRICHMENT

39. Defendant J&J denies that Plaintiff is entitled to "gap time" wages.

40. Defendant J&J does not deny that Plaintiff provided labor to Defendant J&J, but asserts that Defendant J&J paid her for that labor in response to the allegations made in Paragraph 40.

41. Defendant J&J does not deny that Plaintiff provided labor to Defendant J&J, but asserts that Defendant J&J paid her for that labor in response to the allegations made in Paragraph 41.

42. Defendant J&J does not deny that Plaintiff provided labor to Defendant J&J, but asserts that Defendant J&J paid her for that labor in response to the allegations made in Paragraph 42.

43. Defendant J&J denies that either of the Defendants were unjustly enriched in response to Paragraph 43.

WHEREFORE, Defendant J&J fully denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause of Plaintiff's Amended Complaint.

## DEFENDANT J&J'S AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim for which relief may be granted.

2. Plaintiff's claims, in whole or in part, are barred to the extent Defendants fully performed their obligations under the FLSA.

3. Defendant J&J affirmatively asserts that at no time did any Defendant in this matter willfully or intentionally deprive Plaintiff of any wage payment for any hours worked in violation of the FLSA or Florida Statute Section 448.01 et seq.

4. Plaintiff is not entitled liquidated damages against any of the defendants because none of the defendants willfully violated the law.

5. Plaintiff did not suffer any damages attributable to any of the Defendants.

6. Plaintiff failed to mitigate her damages by not raising any issues with the payment of her wages after February 2025. Accordingly, to the extent that Plaintiff incurred any damages, Plaintiff should, therefore, be barred from recovering those damages which could have and should have been mitigated.

7. Defendant J&J affirmatively asserts that each defendant is entitled to a set-off for any and all collateral sources or monies paid to or for the benefit of Plaintiff including, but not limited to, workers' and unemployment compensation, benefits, and/or wages/earnings received.

8. If Plaintiff proves that a defendant in this matter acted in violation of the Fair Labor Standards Act, either by action or omission, which all Defendants deny, such action or omission was not willful or reckless, but rather was in good faith and based on a reasonable belief that such action or omission was not in violation of the Fair Labor Standards Act. Accordingly, Defendants respectfully request that this Honorable Court deny an award of liquidated damages to Plaintiff should any action or omission have occurred.

9. If Plaintiff proves that a Defendant in this action violated the Fair Labor Standards Act, which each Defendant vehemently denies, none of Defendants willfully violated the Fair Labor Standards Act and said Defendant at issue acted at all times in good faith reliance upon official administrative recommendations, ruling, and approvals of the United States Department of Labor, Wage and Hour Division.

10. Defendant J&J asserts that Defendant Michael Scott Segal was not an employer under the FLSA, and therefore should not incur any liability with respect to any of Plaintiff's claims.

11. Defendant J&J asserts that Plaintiff's claim for breach of contract is barred because she was the first breaching party.

12. Defendant J&J asserts that Plaintiff's claim for unjust enrichment is barred because Plaintiff acted unethically or in bad faith by not cashing a check for wages that was mailed to her.

13. Defendant J&J reserves its right to amend this Answer and Affirmative Defenses and assert additional affirmative defenses as Plaintiff's claims are more fully disclosed during the course of discovery.

Respectfully submitted,

**Lisa McKellar Poursine**
**McKellar Poursine, PLLC**
1900 N.Bayshore Drive, #1A-175
Miami, FL 33132
lisa@mckellarpoursine.com
vanessa@mckellarpoursine.com

By: */s/Lisa Mckellar Poursine*
    **LISA McKELLAR POURSINE, ESQ.**
    **Florida Bar No: 65474**

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 11, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record on the attached Service List.

**McKellar Poursine, PLLC**
1900 N. Bayshore Drive #1A-175
Miami, FL 33132
Tel: 305-721-2954
lisa@mckellarpoursine.com
vanessa@mckellarpoursine.com

By: /s/ Lisa McKellar Poursine
      **Lisa McKellar Poursine, ESQ**.
      Florida Bar No: 65474

8

**SERVICE LIST**

CASE NO. 1:25-cv-21291

**Counsel for Plaintiff**
Brian Howard Pollock
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
305-230-4884
Fax: 305-230-4844
Email: brian@fairlawattorney.com

Katelyn Schickman
15870 S.W. 42 Terrace
Miami, FL 33185
305-450-1439
Email: katelyn90600@gmail.com

Patrick Brooks LaRou
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
305-928-4893
Email: brooks@fairlawattorney.com

**Counsel for Defendants**
Lisa McKellar Poursine, Esq.
McKellar Poursine, PLLC
1900 N.Bayshore Drive, #1A-175
Miami, FL 33132
lisa@mckellarpoursine.com
vanessa@mckellarpoursine.com

Sabrina D. Vora-Puglisi
Puglisi Caramés
40 NW 3rd Street PH1
Miami, FL 33128
305-403-8063
Email: puglisilawfirm@gmail.com