UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-21291-LEIBOWITZ/AUGUSTIN-BIRCH

**SHELBY MAYES**,

    Plaintiff,

v.

**J & J GREEN PAPER, INC., et al.**,

    Defendants.

_____/

## DEFENDANT, MICHAEL SCOTT SEGAL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF, SHELBY MAYES'S AMENDED COMPLAINT

Defendant, Michael Scott Segal ("Defendant Segal"), by and through his undersigned counsel, Lisa McKellar Poursine of McKellar Poursine, PLLC, and pursuant to this Court's Order dated June 9, 2025, hereby files his Answer and Affirmative Defenses to Plaintiff's Amended Complaint. In doing so, he states as follows:

1. Defendant Segal is not aware of Plaintiff's current residence and for that reason the allegations in Paragraph 1 are admitted only as to Plaintiff being over the age of 18.

2. Defendant Segal denies the allegations in Paragraph 2, but admits that it is authorized to do business in Florida.

3. Defendant Segal denies the allegations in Paragraph 3, namely that he was partially or totally responsible for payment of Plaintiff's wages, and demands strict proof thereof.

4. Defendant Segal admits the allegations in Paragraph 4 for jurisdictional purposes only.

5. Defendant Segal admits that venue before this Court is proper in response to

1

the allegations in Paragraph 5.

6. Defendant Segal denies the allegatons in Paragraph 6 and demands strict proof thereof.

7. Defendant Segal denies the allegations in Paragraph 7 and demands strict proof thereof.

8. Defendant Segal is without sufficient knowledge to admit or deny, and therefore denies said allegations in Paragraph 8.

9. Defendant Segal is without sufficient knowledge to admit or deny, and therefore denies said allegations in Paragraph 9.

10. Defendant Segal admits the allegations in Paragraph 10.

11. Defendant Segal admits the allegations in Paragraph 11.

12. Defendant Segal denies that Plaintiff worked from September 7, 2024 to January 15, 2025 in response to Paragraph 12, as Plaintiff did not show-up for work after January 7, 2025.

13. Defendant Segal denies the allegations in Paragraph 13.

14. Defendant Segal admits the allegations in Paragraph 14.

15. Defendant Segal admits the allegations in Paragraph 15.

16. Defendant Segal denies the allegations in Paragraph 16.

17. Defendant Segal denies the allegations in Paragraph 17.

18. Defendant Segal denies the allegations in Paragraph 18 as the description of services provided, as it does not operate a packaging business.

19. Defendant Segal denies the allegations in Paragraph 19, as it does not operate a packaging business.

20. Defendant Segal admits that Defendant J & J GREEN PAPER, INC. ("Defendant J&J) engaged in interstate commerce in response to Paragraph 20.

21. Defendant Segal admits that Defendant J & J engaged in interstate commerce in response to Paragraph 21.

22. Defendant Segal admits that Defendant J & J engaged in interstate commerce in response to Paragraph 22.

23. Defendant Segal admits that Defendant J & J engaged in interstate commerce in response to Paragraph 23.

24. Defendant Segal denies that the gross revenue of Defendant J & J reached $500,000 or more or $125,000 in each of the fiscal quarters of the preceding three years in response to Paragraph 24.

### COUNT I – MINIMUM WAGE LIABILITY UNDER THE FLSA

25. Defendant Segal asserts that the law speaks for itself in response to Paragraph 25.

26. Defendant Segal denies the allegations in Paragraph 26.

27. Defendant Segal denies the allegations in Paragraph 27 and asserts that Defendant J&J mailed her a check which was not cashed.

28. Defendant Segal vehemently denies the allegations in 28 and asserts that Defendant J&J mailed her a check which was not cashed.  Further, Defendant Segal denies that he has any personal liability for any actions taken by Defendant J&J.

WHEREFORE, Defendant Segal fully denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause of Plaintiff's Amended Complaint.

### COUNT II – VIOLATION OF THE FMWA

29.     Defendant Segal asserts that the law speaks for itself in response to Paragraph 29.

30. Defendant Segal denies the allegations in Paragraph 30 and asserts that Defendant J&J mailed her a check which was not cashed.

31. Defendant Segal denies the allegations in Paragraph 31 and asserts that Defendant J&J mailed her a check which was not cashed.

32. Defendant Segal denies the allegations in Paragraph 32 and asserts that Plaintiff is not entitled to the recovery requested from either defendant, as Defendant J&J mailed her a check which was not cashed.

33. Defendant Segal denies the allegations in Paragraph 33.

WHEREFORE, Defendant Segal fully denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause of Plaintiff's Amended Complaint.

## **COUNT III – BREACH OF CONTRACT**

34. Defendant Segal denies that Plaintiff is entitled to "gap time" wages in response to Paragraph 34.

35. Defendant Segal admits that Plaintiff was paid a salary of $60,000 to be paid once a month in response to Paragraph 35.

36. Defendant Segal denies that Plaintiff had a contractual right to her employment and was an at-will employee entitled only to her $60,000 salary to be paid for the time she worked.

37. Defendant Segal denies the allegations in Paragraph 37.

38. Defendant Segal denies the allegations in Paragraph 38.

WHEREFORE, Defendant Segal fully denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause of Plaintiff's Amended Complaint.

## COUNT IV – UNJUST ENRICHMENT

39. Defendant Segal denies that Plaintiff is entitled to "gap time" wages.

40. Defendant Segal does not deny that Plaintiff provided labor to Defendant J&J, but asserts that Defendant J&J paid her for that labor in response to the allegations made in Paragraph 40.

41. Defendant Segal does not deny that Plaintiff provided labor to Defendant J&J, but asserts that Defendant J&J paid her for that labor in response to the allegations made in Paragraph 41.

42. Defendant Segal does not deny that Plaintiff provided labor to Defendant J&J, but asserts that Defendant J&J paid her for that labor in response to the allegations made in Paragraph 42.

43. Defendant Segal denies that either of the Defendants were unjustly enriched in response to Paragraph 43.

WHEREFORE, Defendant Segal fully denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause of Plaintiff's Amended Complaint.

## DEFENDANT SEGAL'S AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim for which relief may be granted.

2. Plaintiff's claims, in whole or in part, are barred to the extent Defendants fully performed their obligations under the FLSA.

3. Defendant Segal affirmatively asserts that at no time did he willfully or intentionally deprive Plaintiff of any wage payment for any hours worked in violation of the FLSA or Florida Statute Section 448.01 et seq.

4. Plaintiff is not entitled liquidated damages against any of the defendants because none of the defendants willfully violated the law.

5.	Plaintiff did not suffer any damages attributable to any of the Defendants.

6.	Plaintiff failed to mitigate his damages by not raising any issues with the payment of her wages after February 2025.  Accordingly, to the extent that Plaintiff incurred any damages, Plaintiff should, therefore, be barred from recovering those damages which could have and should have been mitigated.

7.	Defendant Segal affirmatively asserts that each defendant is entitled to a set-off for any and all collateral sources or monies paid to or for the benefit of Plaintiff including, but not limited to, workers' and unemployment compensation, benefits, and/or wages/earnings received.

8.	If Plaintiff proves that a defendant in this matter acted in violation of the Fair Labor Standards Act, either by action or omission, which Defendant Segal denies, such action or omission was not willful or reckless, but rather was in good faith and based on a reasonable belief that such action or omission was not in violation of the Fair Labor Standards Act. Accordingly, Defendant Segal respectfully requests that this Honorable Court not make an award of liquidated damages to Plaintiff  should any action or omission have occurred.

9.	If Plaintiff prove that a defendant in this action violated the Fair Labor Standards Act, which each Defendant vehemently denies, none of Defendants willfully violated the Fair Labor Standards Act and said Defendant at issue acted at all times in good faith reliance upon official administrative  recommendations, ruling, and approvals of the United States Department of Labor, Wage and Hour Division.

10.	Defendant Segal asserts that he was not an employer under the FLSA, and therefore should not incur any liability with respect to any of Plaintiff's claims.

11.	Defendant Segal asserts that Plaintiff's claim for breach of contract is barred because she was the first breaching party.

12. Defendant Segal asserts that Plaintiff's claim for unjust enrichment is barred because Plaintiff acted unethically or in bad faith by not cashing a check for wages that was mailed to her.

13. Defendant Segal reserves his right to amend this Answer and Affirmative Defenses and assert additional affirmative defenses as Plaintiff's claims are more fully disclosed during the course of discovery.

Respectfully Submitted,

**Lisa McKellar Poursine**
**McKellar Poursine, PLLC**
1900 N.Bayshore Drive, #1A-175
Miami, FL 33132
(305) 721-2954
lisa@mckellarpoursine.com


By: */s/Lisa Mckellar Poursine*
**LISA McKELLAR POURSINE, ESQ.**
**Florida Bar No: 65474**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on June 11, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record on the attached Service List.

**McKellar Poursine, PLLC**
1900 N. Bayshore Drive #1A-175
Miami, FL 33132
Tel: 305-721-2954
lisa@mckellarpoursine.com
vanessa@mckellarpoursine.com


By: /s/ Lisa McKellar Poursine
**Lisa McKellar Poursine, ESQ**.
Florida Bar No: 65474

**SERVICE LIST**

CASE NO. 1:25-cv-21291

**Counsel for Plaintiff**
Brian Howard Pollock
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
305-230-4884
Fax: 305-230-4844
Email: brian@fairlawattorney.com

Katelyn Schickman
15870 S.W. 42 Terrace
Miami, FL 33185
305-450-1439
Email: katelyn90600@gmail.com

Patrick Brooks LaRou
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
305-928-4893
Email: brooks@fairlawattorney.com

**Counsel for Defendants**
Lisa McKellar Poursine, Esq.
McKellar Poursine, PLLC
1900 N.Bayshore Drive, #1A-175
Miami, FL 33132
lisa@mckellarpoursine.com
vanessa@mckellarpoursine.com

Sabrina D. Vora-Puglisi
Puglisi Caramés
40 NW 3rd Street PH1
Miami, FL 33128
305-403-8063
Email: puglisilawfirm@gmail.com