UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-21291-LEIBOWITZ/AUGUSTIN-BIRCH

**SHELBY MAYES**,

    Plaintiff,

v.

**J & J GREEN PAPER, INC., et al.**,

    Defendants.

_____/

**JOINT MOTION FOR ENTRY OF ORDER APPROVING
SETTLEMENT AND DISMISSING CASE WITH PREJUDICE**

Plaintiff, SHELBY MAYES, (hereinafter, "Plaintiff"), and Defendants, J & J GREEN PAPER, INC. ("JJGP") and MICHAEL SCOTT SEGAL ("Segal"), by and through their respective undersigned counsel, and pursuant to this Honorable Court's order, hereby file this Joint Motion for Entry of Order Approving Settlement and request that this Honorable Court approve the settlement reached in this matter and dismiss this case with prejudice upon condition that it retain jurisdiction for 60 days, and in support thereof, state:

**MEMORANDUM OF LAW**

**I.**     **Legal Principles**

This is an action brought by Plaintiff for alleged (1) liability for failure to pay minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 210 *et. seq.*; (2) liability for failure to pay minimum wages under the Florida Minimum Wage Act; and (3) liability for failure to pay Plaintiff's last month of employment, thereby breaching Plaintiff's alleged contract of labor services in exchange for payment under Florida law. Defendants deny any and all liability with regards to Plaintiff's claims, including the amount of any alleged unpaid wages in this action.

1

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which contested claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*. In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by Plaintiff against her alleged former employers, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues. Although Defendants dispute their liability for the allegedly owed wages plus liquidated damages, they have ultimately

agreed to pay Plaintiff an amount that exceeds the amount she initially claimed was owed to her for her last pay period in an effort to resolve this matter.

With regards to legal fees, a court reviewing an FLSA settlement must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 2009 WL 73164, *2 (11th Cir. Jan. 13, 2009). In the wake of *Silva*, persuasive district court authority has deemed scrutiny of the reasonableness of Plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff," except in circumstances where "the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney." *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)[1]; see also *Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) (declining to examine reasonableness of attorney's fee payment in FLSA settlement where the FLSA claims were compromised, there was a reasonable basis for such compromise, and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel").

---

[1] In *Bonetti*, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims, (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims, and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d at 1228.

As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

## II. Terms of Settlement

1. This case involves claims made by Plaintiff for alleged unpaid wages under the FLSA, the Florida Minimum Wage Act, and under the common law of Florida for breach of contract (for which she sought fees under Fla. Stat. §448.08).

2. Defendants vigorously denied that they had any liability with respect to Plaintiff's claims.

3. After extensive negotiations held from the commencement of this action, the parties were able to reach a settlement between them that resolved all of Plaintiff's claims, including those for attorney's fees and costs, which were negotiated separately and apart from the amount that Plaintiff will ultimately receive after payment of those expenses.

4. Plaintiff and Defendants herein state that the settlement reached between them with respect

to Plaintiff's claimed FLSA damages represents a fair and reasonable resolution of disputed claims and that the terms of the settlement are acceptable to both Plaintiff and Defendants.  Specifically, based upon their respective estimates of Plaintiff's underlying claims and her claims for attorney's fees and costs, the parties negotiated the settlement amount herein after engaging in discovery.

5.      In settlement, Plaintiff Shelby Mayes will be paid a total of $18,000.00 in full and final payment for her claims, $4,840 which more than satisfies the $1,160 minimum wages claimed under the FLSA (and for which the Court is to scrutinize the settlement) and represents payment of alleged unpaid wages allegedly due to Plaintiff plus $1,160 attributed to liquidated damages in an amount equal to the alleged unpaid minimum wages under the FLSA as claimed by Plaintiff.  The parties agree that they exchanged sufficient employment related documents; time and pay records; discovery; and available evidence pertaining to Plaintiff's employment, and that this amount represents a fair and reasonable settlement of the disputed claims.

6.      The Parties have agreed on the payment of the amounts set forth above despite their disagreement(s) about the Defendants' claim to have sent payment for Plaintiff's final wages prior to Plaintiff filing this lawsuit and whether Plaintiff would have been able to recover any liquidated damages.  Consequently, Plaintiff could have been barred from recovery, recovery of liquidated damages, or recovery attorney's fees and costs had Plaintiff not been able to establish her claims at trial. Likewise, the Defendants risked continuing to pay their counsel and incurring not only attorney's fees and costs from their counsel but also from Plaintiff's counsel had they continued litigating and Plaintiff prevailed.

7.      Accordingly, the amount of this settlement to Plaintiff is fair and reasonable given that: Plaintiff will be receiving substantial relief and compensation for her unliquidated and liquidated damages claims under the FLSA (along with the Florida Minimum Wage Act and the common law

of Florida); Plaintiff's claims are highly disputed; the issues of material fact which are in dispute; and the fact that Plaintiff's claims could be substantially reduced should she not be able to establish willfulness. Additionally, it is also reasonable given the high costs of defending and litigating this matter and the time and resources which would have been expended by both parties in taking this matter to trial. This settlement was arrived at after considerable and good faith negotiation by the parties and Defendants do not admit any liability in this action.

8. Separate and apart, Defendants will pay Plaintiff's counsel $11,414.76 in attorney's fees and $585.24 in costs, which have been incurred to date in this action. Plaintiff's counsel, who has over 25 years of experience, including over 15 years litigating employment-related matters, charges an hourly rate of $500.00. This rate of $500.00 has been approved by this Honorable Court. *See, e.g., Marcallo v. Cusano Air Conditioning & Heating, Inc. et al*, Case No. 24-20546-CIV-GOODMAN, [D.E. 37] (S.D. Fla. May 31, 2024) ("The Undersigned finds that Plaintiff's lead counsel's hourly rate of $500.00, for an attorney practicing law for approximately 25 years, to be reasonable.") In addition, this Court has approved the rate of $325.00 for a junior lawyer with approximately two years experience on Plaintiff's legal staff and approved the hourly rate of $165.00 for his paralegal with approximately 10 years experience.

8. Plaintiff's counsel's attorney's fees and costs were negotiated separate and apart and the amount of fees and costs negotiated did not compromise in any way the amount allocated to Plaintiff. Consequentially, Plaintiff's recovery was not adversely affected by the amount of fees and costs to be paid to his attorney.

9. As set forth by the cited authority above, because attorney's fees and costs were determined separately and apart from Plaintiff's recovery, and because the Plaintiff did not compromise her FLSA minimum wage claim (for which she is receiving complete satisfaction along with liquidated

6

damages of an equal amount), this Honorable Court should find that the settlement and attorneys' fees were agreed upon without compromising the amount paid to Plaintiff and approve the settlement as fair and reasonable.

10. The parties' settlement agreement is attached hereto as **Exhibit A** for the Court's consideration.

11. The attached agreement includes every term and condition of the parties' FLSA settlement.

12. Having agreed to the terms of the settlement reached, Plaintiff and Defendants respectfully request that this Honorable Court approve the settlement between the parties.

13. Accordingly, the parties respectfully request that this Court approve the Settlement attributed to Plaintiff's FLSA claims. Moreover, the parties stipulate to dismissal of this action with prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii), upon condition that the Court retain jurisdiction for 60 days to enforce the terms of the settlement, and otherwise deny any pending motions as moot.

14. A proposed order is provided herewith.

WHEREFORE, the Parties respectfully request that this Honorable Court approve the parties' settlement, dismiss this action with prejudice, and retain jurisdiction for 60 days to enforce the terms of the settlement agreement.

DATED this 25th day of September 2025.                      Respectfully submitted,

*/s/Brian Pollock*                                          */s/Lisa McKellar Poursine*
Brian Pollock, Esq.                                         Lisa McKellar Poursine, Esq.
Florida Bar No.:174742                                      Florida Bar No. 65474
**FAIRLAW FIRM**                                            **MCKELLAR PURSINE, PLLC**
135 San Lorenzo Avenue, Suite 770                           1900 N. Bayshore Drive, #1A-175
Miami, Florida 33185                                        Miami, FL 33132
Tel. No.: (305) 230-4884                                    Tel. No.: (305) 721-2954
Email: brian@fairlawattorney.com                            Email: lisa@mckellarpoursine.com
*Attorney for Plaintiff*                                    *Attorney for Defendants*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on September 25, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record on the attached Service List.

 

**McKellar Poursine, PLLC**
1900 N. Bayshore Drive #1A-175
Miami, FL 33132
Tel: 305-721-2954
lisa@mckellarpoursine.com
vanessa@mckellarpoursine.com

/s/ Lisa McKellar Poursine

**Lisa McKellar Poursine, ESQ**.

Florida Bar No: 65474

## SERVICE LIST

CASE NO. 1:25-cv-21291

**Counsel for Plaintiff**
Brian Howard Pollock
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
305-230-4884
Fax: 305-230-4844
Email: brian@fairlawattorney.com

Katelyn Schickman
15870 S.W. 42 Terrace
Miami, FL 33185
305-450-1439
Email: katelyn90600@gmail.com

Patrick Brooks LaRou
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
305-928-4893
Email: brooks@fairlawattorney.com

**Counsel for Defendants**
Lisa McKellar Poursine, Esq.
McKellar Poursine, PLLC
1900 N.Bayshore Drive, #1A-175
Miami, FL 33132
lisa@mckellarpoursine.com vanessa@mckellarpoursine.com

Sabrina D. Vora-Puglisi
Puglisi Caramés
40 NW 3rd Street PH1
Miami, FL 33128
305-403-8063
Email: puglisilawfirm@gmail.com

9