## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of all Claims (hereinafter "Agreement") is made and entered into by Shelby Mayes ("Mayes") on the one hand and J & J Green Paper, Inc. ("JJGP") and Michael Scott Segal ("Segal") (hereinafter referred to collectively as "Defendants") on the other.

WHEREAS, Mayes alleges that Defendants failed to timely pay her wages for her last month of work for them;

WHEREAS, Mayes has sought to recover her last month of wages from Defendants for which she brought claims under the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act ("FMWA"), and Florida law, and also sought to recover liquidated damages under the FLSA and FMWA, as well as the recovery of attorney's fees and costs as associated with the prosecution of her claims against the Defendants in the lawsuit presently pending in the United States District Court for the Southern District of Florida in *Shelby Mayes v. J & J Green Paper, Inc. and Michael Scott Segal*, Case #1:25-cv-21291-Leibowitz/Augustin-Birch (the "Lawsuit").

WHEREAS, Defendants denied any wrongdoing or unlawful actions and/or liability whatsoever and specifically disclaim any liability on the part of themselves or any past or present officer, manager, agent, employee, or representative;

WHEREAS Mayes and Defendants (collectively "the Parties") now wish to consensually resolve this dispute under the following terms:

NOW, THEREFORE, in consideration of the promises set forth below, the Parties agree as follows:

1. **Payment to Mayes.** Defendants shall cause to be paid Eighteen Thousand Dollars and Zero Cents ($18,000.00) to resolve all claims related to the Lawsuit, which includes the gross amount of Six Thousand Dollars ($6,000) to Mayes and Twelve Thousand Dollars ($12,000) to her attorneys, payable in three (3) separate checks, as follows:

   a. One check payable to Shelby Mayes in the gross amount of Four Thousand Eight Hundred Forty Dollars ($4,840) for alleged back wages claimed in the Lawsuit (from which taxes and withholdings shall be deducted) for which an IRS Form W-2 will issue to Mayes;

   b. One check payable to Shelby Mayes in the net amount of Three Thousand Dollars ($1,169) for alleged liquidated damages claimed in the Lawsuit for which an IRS Form 1099 will issue to Mayes; and

   c. One check payable to FairLaw Firm in the net amount of Twelve Thousand Dollars and Zero Cents ($12,000.00) in satisfaction of Mayes's attorney's fees ($11,414.76) and costs ($585.24) related to representation of her in the Lawsuit.

Defendants will deliver the settlement payments to FairLaw Firm, 135 San Lorenzo Ave., Suite 770, Coral Gables, FL 33146, within twenty-one (21) days after the latest of the following have occurred:

   i. counsel for Defendants receives a copy of the Agreement signed by Mayes;
   ii. counsel for Defendants receives an executed W-9 Form from Mayes' Counsel;
   iii. counsel for Defendants receives an executed W-9 Form and an executed W-4 Form from Mayes; and

1

iv.  receipt of an Order by the Court approving this Agreement.

Mayes acknowledges that she has not relied upon any representations concerning the tax obligations and consequences resulting from the payment. Mayes shall be solely responsible for her share of any and all tax obligations associated with her receipt of the settlement funds to be paid under this Agreement, whether arising under federal, state or local laws. Mayes agrees to defend, indemnify, and hold the Defendants harmless for her share of any and all tax liabilities that may be assessed against them as a result of this payment to Mayes.

2.      **Release by Mayes.**  Except as to the obligations herein, Mayes, for herself and her heirs, executors, beneficiaries, successors, assignees, immediate family members, and any other person or entity who could now or hereafter assert a claim in her name or on her behalf, hereby releases and forever discharges JJGP Corp. and its parent, subsidiaries, officers, directors, members, partners, owners, shareholders, employees, former employees, agents, servants, attorneys, assigns, affiliates, independent contractors, volunteers, predecessors, successors, parent companies and organizations, insurers, and any and all other persons, firms, and corporations in which it may have an interest (collectively the "Released Parties") from any and all past, present, or future claims, lawsuits, demands, actions, or causes of actions (collectively "Claims"), which Mayes now has, owns, or holds, or claims to have, own, or hold or which Mayes at any time heretofore had owned or held, or claimed to have had, owned, or held, up to the date of execution of this Agreement relating to Mayes's claims against Defendants or the Released Parties of improper and/or non-payment of wages and/or any alleged mistreatment of or retaliation against Mayes under the Fair Labor Standards Act or any wage or overtime related state statutes or breach of contract claim.

This Agreement does not release any rights or claims that arise after the date of execution of this Agreement, including any claim for breach of this Agreement.

3.      **No Filing of Claims and Withdrawal of Claims.**  Mayes agrees, promises, and covenants that neither she, nor any person, organization, or other entity acting on her behalf, have filed or will file, charge, claim, sue, cause or permit to be filed, charged or claimed, or participate in as a party in any action for damages or other relief (including injunctive, declaratory, monetary or other relief) against any of the Released Parties involving any matter occurring in the past up to the date of this Agreement or involving any claims, demands, causes of action, obligations, damages or liabilities which are the subject of this Agreement. Mayes represents that, if she has filed any administrative charges or other actions against any of the Released Parties related to any claims released through this Agreement, said charges or actions have been dismissed or closed, or will be dismissed or closed by the Court, and Mayes agrees not to initiate any new claims related thereto.

4.      **No Re-employment or Reinstatement.**  Mayes forever gives up any right to be rehired or employed by Defendants. Mayes will never apply for reinstatement or employment with JJGP Corp. and agrees that Defendants will have the right to refuse to employ her, without liability.

5.      **Confidentiality.**  Intentionally Omitted.

6.      **No Admission of Liability.**  The Parties acknowledge that this Agreement is a compromise of all disputed claims and that nothing in this Agreement constitutes or will be treated by any party as an admission of liability or wrongdoing. This Agreement shall be binding upon, inure to the benefit of, and be enforceable by the Parties and their heirs, beneficiaries, administrators, representatives, executors, successors, and assignees.

7.      **Governing Law.**  This Agreement shall be governed and will be construed in accordance with the laws of the State of Florida. The terms of this Agreement are contractual and not a mere recital.

8.      **Entire Agreement.**  This Agreement sets forth the entire agreement and understanding between the Parties on the subject matter hereof, and supersedes all prior discussions and negotiations between them.  This Agreement may be amended, modified, or supplemented only by a written instrument executed by the Parties.  Should any of the provisions of this Agreement be declared or be determined to be illegal, void, invalid, or unenforceable by a court of competent jurisdiction, the validity of the remaining parts, terms, or provisions shall not be affected, and the illegal or invalid part, term, or provision shall not be deemed a part of this Agreement.  It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

9.      **Consultation with Counsel.**  Mayes acknowledges that he has had the advice of independent counsel and executed this Agreement as her free act and deed.  Mayes acknowledges that ehe has been represented by an attorney throughout the negotiations leading to this Agreement, that she has read and reviewed with, and consulted fully with her attorney regarding the meaning and effect of this Agreement, and that he understands and agrees to them.  It is agreed that for purposes of interpreting the meaning of this Agreement that this Agreement should be deemed to have been jointly and mutually prepared in its entirety by all Parties.

10.     **Non-Disparagement.**  [Intentionally omitted.]

11.     **Breach of Agreement.**  In the event that either party breaches any portion of this Agreement, the prevailing party in an action to enforce or interpret this Agreement shall be entitled to recover from the other (non-breaching) party his/its/her reasonable attorneys' fees and costs incurred in that subsequent enforcement action or proceeding, in addition to all other relief to which the prevailing party may be entitled.

12.     **MMSEA Disclosures.**  This settlement is based upon a good faith determination of the Parties to resolve a disputed claim.  Mayes represents that she has not sought any medical treatment that would be related to her employment with JJGP Corp.  The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b).  The Parties resolved this matter in compliance with both state and federal law.

Mayes warrants that she is not a Medicare beneficiary as of the date of this Agreement.  Because Mayes is not a Medicare recipient as of the date of this Agreement, no conditional payments have been made by Medicare.

13.     **No Prior Assignment; Indemnity.**  Each of the Parties represents and warrants that they have the exclusive right to the claims, disputes, and matters encompassed in this Agreement.  Each of the Parties further represents and warrants that they have not assigned or transferred, or purported to assign or transfer, to any person or entity any claim or other matter released herein.  In the event that a party assigned or transferred, or purported to assign or transfer, any claim, dispute, or other matter herein released, such party shall indemnify the other party or parties and hold harmless such other party or parties from and against any loss, cost, claim, or expense, including but not limited to, all costs related to the defense of any action and any reasonable attorneys' fees based upon, arising out of, or incurred as a result of any such claim, assignment, or transfer.

14.     **Reliance On Own Judgment.**  The Parties rely wholly on their own investigation and respective judgment as to the extent of any damages any of them may have sustained or may sustain in the future.  No party to this Agreement has been influenced by any statement by any other party to this

3

Agreement, and no party has made any representation upon which another has relied upon in entering into this Agreement, other than those expressly set forth in this Agreement.

15.    **Titles and Captions.**  The paragraph and section titles and captions used in this Agreement are inserted only as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or the intent of any provision thereof.

16.    **Counterparts.**  This Agreement may be executed in separate counterparts, and by facsimile or e-mail, and each such counterpart shall be deemed an original with the same effect as if all Parties had signed the same document. A copy or .pdf of any signature of of this Agreement shall have the same force and effect as an original for all purposes.

17.    **Complete Agreement.** All prior discussions and agreements are merged into this Agreement. This Agreement may only be modified in a writing signed by all parties that the Court subsequently approves. If any provision or term of this Agreement is unenforceable, it shall be severed to enable to the remaining provisions and terms to remain enforceable.

The Parties have executed this Agreement freely and voluntarily, as evidenced by their signatures below:

Shelby Mayes                                                J & J Green Paper, Inc.

*Shelby Mayes*
Shelby Mayes (Sep 24, 2025 15:50:18 EDT)
_____            By: _____
Shelby Mayes, individually                                Michael Scott Segal, as President

Dated: _24-Sep-2025_____            Dated: __9|24|25_____

                                                          Michael Scott Segal

                                                          By: _____
                                                                Michael Scott Segal, Individually

                                                          Dated: __9|24|25_____

4