UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CV-21291-LEIBOWITZ/AUGUSTIN-BIRCH

**SHELBY MAYES,**

    **Plaintiff,**

v.

**J & J GREEN PAPER, INC.,** *et al.***,**

    **Defendants.**

_____/

### ORDER REQUIRING SUPPLEMENTAL BRIEFING

This cause comes before the Court on the parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice. DE 50. The parties' Settlement Agreement resolves Plaintiff Shelby Mayes claim against Defendants under the Fair Labor Standards Act ("FLSA"). DE 50-1. A settlement resolving claims under the FLSA must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of FLSA claims, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355.

The Honorable David S. Leibowitz, United States District Judge, referred this matter to the undersigned Magistrate Judge to determine whether the parties' settlement is a fair and reasonable resolution of a bona fide dispute. DE 51. The Court has reviewed the parties' Joint Motion and requires additional information to make a fairness determination. Accordingly, the parties must file a joint supplemental brief by **October 3, 2025**, that addresses the following issue.

The parties' Settlement Agreement includes a payment to Plaintiff's counsel for attorney's fees and costs. DE 50-1 at 1. A court must evaluate the reasonableness of any attorney's fees

included as part of an FLSA settlement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). A court cannot scrutinize the reasonableness of attorney's fees absent information about the number of hours counsel worked on the case, the work done during those hours, and counsel's hourly billing rate. *Arevalo v. Latin Grp., Inc.*, No. 17-24257-CIV, 2018 WL 4957292, at *1–2 (S.D. Fla. Mar. 20, 2018) (denying without prejudice a joint motion for approval of an FLSA settlement when the motion and settlement agreement "fail[ed] to adequately explain Plaintiffs' attorneys' fees and costs" and requiring the filing of "affidavits or exhibits regarding attorneys' fees and costs"). The parties' joint supplemental brief must (1) explain how the amount of the payment to Plaintiffs' counsel was calculated and why the amount is reasonable; (2) state the number of hours counsel worked on this case, the work done during those hours, and counsel's hourly billing rate; (3) provide the amount of costs expended for this case and the nature of those costs; and (4) substantiate the claimed fees and/or costs with exhibits such as billing records and receipts.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 26th day of September, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE