UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-21291-AUGUSTIN-BIRCH [*CONSENT CASE*]

SHELBY MAYES,

    Plaintiff,

vs.

J & J GREEN PAPER, INC. AND
MICHAEL SCOTT SEGAL,

    Defendants.
_____/

## JOINT SUPPLEMENTAL BRIEF

Plaintiff, Shelby Mayes, and Defendants, J & J Green Paper, Inc. and Michael Scott Segal ("Defendants"), hereby file this Joint Supplemental Brief addressing Plaintiff's attorneys' fees and costs, in compliance with the Court's Order Requiring Supplemental Briefing [ECF No. 52], and state as follows:

1. Ms. Mayes alleged that the Defendants failed to pay her the minimum wages required by the FLSA (Count I), along with two claims under the common law of Florida for Breach of Contract (Count II) and Unjust Enrichment (Count III). [ECF No. 1].

2. Ms. Mayes then filed an Amended Complaint, wherein she alleged that the Defendants failed to pay her the minimum wages required by the FLSA (Count I), failed to pay her the minimum wages required by the Florida Minimum Wage Act (Count II), Breach of Contract (Count III), and Unjust Enrichment (Count IV). [ECF No. 15].

3. In the Amended Complaint, Ms. Mayes alleged that the Defendants owed her $1,160.00 in FLSA minimum wages (for 160 hours she worked at $7.25 per hour) and $1,160.00 in liquidated damages owed thereon. [ECF No. 15 at ¶28].

4. In settling this case, the parties agreed that Ms. Mayes would receive a total of $6,000.00, which included $4,840.00 in back wages and $1,160.00 in liquidated damages. [ECF No. 50-1].

5. The settlement provides Ms. Mayes with a recovery that exceeds the minimum wages claimed under the FLSA and the liquidated damages claimed under the FLSA. *Id.*

6. The parties then requested that the Court approve their settlement as it relates to the FLSA claim Ms. Mayes brought. [ECF No. 50].

7. The Court has required the parties to prepare a joint submission to address the following issues:

> (1) explain how the amount of the payment to Plaintiff's counsel was calculated and why the amount is reasonable;
>
> (2) state the number of hours counsel worked on this case, the work done during those hours, and counsel's hourly billing rate;
>
> (3) provide the amount of costs expended for this case and the nature of those costs; and
>
> (4) substantiate the claimed fees and/or costs with exhibits such as billing records and receipts

[ECF No. 52].

## (1) The Reasonable Fee To Plaintiff's Counsel

The FLSA does not provide a basis to recover "gap time" wages, the wages beyond the minimum wages and before an employee works overtime wages. *Alcala v. Michael Dawkins Grp., Inc.*, 2024 U.S. Dist. LEXIS 99055, at *8 (S.D. Fla. June 4, 2024). As such, the Court's scrutiny is limited to whether the payment to Plaintiff's counsel is reasonable when the Plaintiff is receiving more in back wages than she claimed under the FLSA (and all the liquidated damages claimed under the FLSA). As the District Court for the Middle District of Florida recognized that when a claimant is to receive all of the wages and liquidated damages claimed as recoverable under the FLSA, "the

amount of attorneys' fees and costs paid under the settlement agreement could not have tainted the amount he agreed to accept to settle this case." *Schisler v. Sam's W., Inc.,* 2016 U.S. Dist. LEXIS 64166, at *4 (M.D. Fla. Apr. 29, 2016).

An award of reasonable attorney's fees and costs is mandatory under the situation presented:

> The damages provision of FLSA instructs that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). *McBride v. Legacy Components, LLC,* 778 F. App'x 708, 709 (11th Cir. 2019).

*McBride v. Legacy Components, LLC,* 778 F. App'x 708, 711 (11th Cir. 2019).

When dealing with a fee-shifting statute such as the FLSA, FMWA, or Fla. Stat. §448.08, determining the reasonable attorney fee is not based on the relationship between the amount of wages recovered

> Generally, a reasonable fee award under a fee-shifting statute is determined by use of the lodestar approach. *See Moton v. Nathan & Nathan, P.C.,* 297 F App'x 930,931 (11th Cir. 2008); *Camden I Condo. Ass'n, Inc.. v. Dunkle,* 946 F.2d 768, 774 (11th Cir. 1991); *Stone v. Nat'l Enter. Sys.,* No. 6:08-cv-1523-Orl-22GJK, 2009 U.S. Dist. LEXIS 95916, 2009 WL 3336073, at *2 (M.D. Fla. Oct. 15, 2009). As a result, a reasonable fee award under a fee-shifting statute is "not conditioned upon and need not [*5] to be proportionate to an award of money damage." *See Brockman v. Mankin L. Grp., P.A.,* No. 8:20-cv-893-T-35JSS, 2021 U.S. Dist. LEXIS 45505, 2021 WL 913082, at *1 (M.D. Fla. Mar. 10, 2021) (quoting *City of Riverside v. Rivera,* 477 U.S. 561, 576, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986)).

*Denning v. Mankin Law Grp., P.A.,* 2023 U.S. Dist. LEXIS 50371, at *4-5 (M.D. Fla. Feb. 15, 2023). In fact, the Eleventh Circuit Court of Appeals explicitly rejected the concept of awarding attorney's fees to a prevailing plaintiff in proportion to the wages recovered under the FLSA:

> Moreover, whatever intuitive appeal a proportionality argument may have is undercut by *City of Riverside v. Rivera,* 477 U.S. 561, 106 S. Ct. 2686, 91 L.Ed.2d 466 (1986), in which the Supreme Court rejected a proportionality argument for attorneys' fees awarded under 42 U.S.C. §1988. *Rivera's* reasoning is arguably even stronger in FLSA cases, where the FLSA's text renders attorneys' fees mandatory. *Compare* FLSA, 29 U.S.C. 216(b)("The court in such action shall, in addition to any judgement awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (emphasis added)), *with* 42 U.S.C. §1988(b)("[T]he court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs…" (emphasis added) ); *see also James v. Wash Depot Holdings, Inc.,* 489 F.Supp.2d 1341,

> 1347 (S.D. Fla. 2007) ("Fee awards ... should not simply be proportionate to the result obtained by the Plaintiff."); *Tyler v. Westway Auto. Serv Ctr., Inc.,* No. 02-61667-CIV, 2005 WL 6148128, at *5 (S.D. Fla. Mar. 10, 2005) (noting that it is not uncommon for de requests to exceed the judgment in FLSA cases). [*Emphasis added.*]

*P&k Rest. Enter., LLC v. Jackson,* 758 Fed. Appx. 844, 951 (11th Cir. 2019).

Against this backdrop, it is clear that the fees to be paid to Plaintiff's counsel are reasonable, as they represent a significant compromise in the attorney's fees actually incurred. Plaintiff's counsel incurred over $18,878.00 in attorney's fees litigating this matter through the entry of an order approving the settlement and dismissing this case.

The parties negotiated for a payment of $12,000 to Plaintiff's counsel separately from the $6,000 to be paid to Ms. Mayes. The $12,000 to be paid to Plaintiff's counsel in satisfaction of Plaintiff's attorneys' fees ($11,414.76) and costs ($585.24) incurred in this case is, objectively, reasonable. The amount to be paid in satisfaction of the Plaintiff's attorney's fees was arrived at through extensive and rather prolonged negotiations in this case and represents a compromise of the attorney's fees actually incurred (as reflected on Exhibit "A"). As such, the parties submit that the amounts allocated to the Plaintiff and her counsel are fair, reasonable, and pass the judicial scrutiny required by *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350 (11th Cir. 1982).

### (2) The Fees For Work Performed And Counsel's Billing Records

Plaintiff's counsel's time and expense records are appended hereto as Exhibit "A". Plaintiff's counsel seeks the following rates for those who spent time in this case:

a. Brian H. Pollock, Esq. (Managing Partner)     $500/hour
b. Patrick Brooks LaRou, Esq. (Associate Attorney)     $325/hour
c. Katelyn Schickman, Esq. (Associate Attorney)     $275/hour
d. Steffany Sanguino (Florida certified paralegal)     $165/hour

A summary of the time billed by each on this case is provided below:

| Name | Hourly Rate | Hours Billed | Total Billed |
|---|---|---|---|
| Brian H. Pollock, Esq. | $500 | 15.42 | $7,710 |
| P. Brooks LaRou, Esq. | $325 | 13.9 | $4,517.5 |
| Katie Schickman, Esq. | $275 | 18.3 | $5,032.5 |
| Steffany Sanguino | $165 | 16 | $2,640 |
|  |  | 63.62 | $19,900.00 |

Although Gaelle Colas, Esq., worked for Plaintiff's counsel as an associate attorney for several months, during which she worked on this case and billed 1.9 hours, for a total of $425.00, the parties do not believe it makes sense to spend any additional time justifying her hours worked or hourly rate due to the amount involved.

September 2025 marked Mr. Pollock's 26th year of practicing law in Florida. From October 2005 to October 31, 2011, he served on The Florida Bar Unlicensed Practice of Law Committee 11A and was its Chairperson from May 2011 to October 31, 2011. Mr. Pollock served as president of the Miami-Dade County Bar Association Labor & Employment Committee from 2022 to 2023.

Mr. Pollock billed his time spent on this case at $500/hour. Mr. Pollock has been a member in good standing of The Florida Bar and of the District Court for the Southern District of Florida since 1999, and he has been admitted to the District Courts of the Middle and Northern Districts of Florida, the Eleventh Circuit Court of Appeals, and the United States Supreme Court. Mr. Pollock has practiced civil litigation in Florida state and federal courts since 1999. He has been admitted *pro hac vice* to serve as counsel in class actions pending in the District Court for the Northern District of Georgia and in the State of Georgia.

Courts have routinely found Mr. Pollock's reasonable hourly rate to be $500 per hour, including when approving the settlement in *Maracallo vs. Cusano Air Conditioning & Heating, Inc.,* S.D. Fla. Case No.: 24-CV-20546-GOODMAN at ECF No. 37 on May 31, 2024 ("The Undersigned finds that Claimant's lead counsel's hourly rate of $500.00, for an attorney practicing law for

approximately 25 years, to be reasonable.")[1] In Fact, Mr. Pollock's rate of $500 per hour was approved nearly seven years ago in *Palacio Cruz vs. Infante Security Protection, LLC,* 18-CV-21839-GAYLES on September 4, 2018 at ECF No. 17.[2]

Patrick Brooks LaRou worked as an associate attorney at FairLaw Firm under the direction of Mr. Pollock. Mr. LaRou graduated from Virginia Commonwealth University in 2017. Then he obtained his Juris Doctorate from the St. Thomas University Benjamin L. Crump School of Law in May 2022, cum laude, with a concentration in Intercultural Human Rights. He served as staff editor for the St. Thomas University Benjamin L. Crump School of Law's Intercultural Human Rights Law Review. While at St. Thomas, Mr. LaRou was recognized for his dedication to public service, receiving a pro bono commendation for his volunteer work as a legislative assistant to the Miami-Dade Board of County Commissioners, during which he devoted over 200 pro bono hours to serving the County.

September 2025 marked Mr. LaRou's 3rd anniversary as an attorney. Besides being licensed to practice law in Florida, Mr. LaRou has been admitted and routinely practices in the District Courts for the Southern and Middle Districts of Florida. Mr. LaRou has mainly practiced labor and employment law as an attorney, most often representing employees in employment disputes. Mr. LaRou has significant experience representing individuals to recover unpaid wages in the Florida

---

[1] Magistrate Judge Goodman approved "… (2) Attorney P. Brooks LaRou, with an hourly rate of $325.00, practicing law for approximately two years; and (3) Paralegal Steffany Sanguino, with an hourly rate of $165.00, practicing as a paralegal for approximately ten years." *Id.*

[2] In determining the hourly rates for those who billed time on this case timekeepers, the Court should consider that an upward adjustment of the hourly rates previously approved would also have been reasonable to account for the increase in cost of living over the years, as reflected in the Consumer Price Index. *Wise v. O'Mallet,* No. 3:23-cv-909-JRK, 2025 U.S. Dist. LEXIS 219989, at *3 (M.D. Fla. Dec. 5, 2024); *see also* https://data.bls.gov/cgi-bin/cpicalc.pl. Thus, to the extent the court considers the hourly rates previously awarded to Plaintiff's counsel, it should consider the compounding effect of the increased cost of living since each order entered thereon.

state and federal courts. Mr. LaRou is an effective and efficient attorney with trial experience. Considering the foregoing, the appropriate rate for Mr. LaRou's experience is $325.00 per hour. (*See Maracallo vs. Cusano Air Conditioning & Heating, Inc.,* S.D. Fla. Case No.: 24-CV020546-GOODMAN at ECF No. 37).

Katelyn Schickman, Esq., has been an associate attorney at FairLaw Firm since May 2025. Ms. Schickman graduated from Florida International University in 2021 and earned her Juris Doctor degree, with a certificate in Business Law, from St. Thomas University College of Law in December 2024. She was recognized for her dedication to public service at St. Thomas University College of Law by receiving a pro bono commendation for her work at the Florida Legal Immigration Coalition and for coaching youth sports at the Suniland Sundevils. Ms. Schickman was an active member of the St. Thomas University College of Law Trial Team while managing several internships. She interned with the Human Trafficking Front, working on advocacy and legal support for survivors, and at the U.S. All-Star Federation, gaining experience with personnel, employment, and compliance issues involving athletes and coaches in competitive sports. Since May 2025, her *hourly rate charged and paid* by clients has been $275.

Steffany Sanguino earned an associate's degree in business from Miami-Dade College and a Bachelor of Applied Science in Supervision and Management from Miami-Dade College with a concentration in Human Resource Management. She also earned her Paralegal Certificate from Ashworth College. She is bilingual (English and Spanish) and has worked as a litigation paralegal in Florida since January 2016. Ms. Sanguino has been with FairLaw Firm since August 2022, focusing on wage and employment cases. Since August 2022, her *hourly rate, charged and paid* by clients, has been $165.

### (3) The Costs And Expenses Incurred

These $585.24 in costs and expenses incurred on Plaintiff's behalf in litigating this case are

submitted in Exhibit "A". They include the following:

 Filing Fee (Federal Court): $405.00

 Service of Process (Service on Defendant J&J Green Paper): $46.80

 Service of Process (Service attempted on Michael Scott): $46.80

 Service of Process (Service on Michael Scott): $46.80

 Postage (Cert. Mail to Mr. Segal – FMWA demand letter): $9.64

 (Parking at courthouse for hearing): $30.20

Given the nature of the claims at issue, which exceeded the FLSA and resulted in a settlement negotiated between the parties, the Court is not limited to approving their agreement for the Plaintiff to recover costs beyond those identified as recoverable under the Rules of Civil Procedure.

### (4) Support for Costs and Expenses

Documentary support for the expenses incurred on Plaintiff's behalf in this case is attached as Exhibit "B".

### CONCLUSION

In light of the foregoing, the parties request that the Court find the settlement fair and reasonable.

Dated this 3rd day of October 2025.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: 305.230.4884
*Counsel for Plaintiff*

s/Lisa McKellar Poursine, Esq.
Lisa McKellar Poursine, Esq.
Fla. Bar No.: 65474
lisa@mckellarpoursine.com
McKELLAR POURSINE, PLLC
1900 N Bayshore Dr #1A-175
Miami, FL 33132
(305) 721-2954
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on October 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record on the attached Service List.

**McKellar Poursine, PLLC**
1900 N. Bayshore Drive #1A-175
Miami, FL 33132
Tel: 305-721-2954
lisa@mckellarpoursine.com
vanessa@mckellarpoursine.com

By:    /s/ Lisa McKellar Poursine

**Lisa McKellar Poursine, ESQ**. Florida Bar No: 65474

**SERVICE LIST**
CASE NO. 1:25-cv-21291

**Counsel for Plaintiff**
Brian Howard Pollock
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
305-230-4884
Fax: 305-230-4844
Email: brian@fairlawattorney.com

Katelyn Schickman
15870 S.W. 42 Terrace
Miami, FL 33185
305-450-1439
Email: katelyn90600@gmail.com

Patrick Brooks LaRou
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
305-928-4893
Email: brooks@fairlawattorney.com

**Counsel for Defendants**
Lisa McKellar Poursine, Esq.
McKellar Poursine, PLLC
1900 N.Bayshore Drive, #1A-175
Miami, FL 33132
lisa@mckellarpoursine.com
vanessa@mckellarpoursine.com

Sabrina D. Vora-Puglisi
Puglisi Caramés
40 NW 3rd Street PH1
Miami, FL 33128
305-403-8063
Email: puglisilawfirm@gmail.com